IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
**Springfield Division**

| | | |
|---|---|---|
| NICHOLAS J. MCGRATH<br>219 Lower Gore Road<br>Webster, MA 01570<br>　　　　　Plaintiff<br>vs.<br><br>CONSOLIDATED RAIL<br>CORPORATION<br>Two Commerce Square<br>2001 Market Street<br>Philadelphia, PA 19101<br><br>and<br><br>CSX TRANSPORTATION INC.<br>3800 Centre Square West<br>Philadelphia, PA 19102<br><br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED<br><br><br><br><br><br>05 - 30048 - MAP<br>CIVIL ACTION<br><br><br><br><br><br><br>FILING FEE PAID:<br>RECEIPT # 305855<br>AMOUNT $ 250.00<br>BY DPTY CLK MGH<br>DATE 2/11/05<br>NO. |

COMPLAINT

1. The Plaintiff, Nicholas J. McGrath, is a competent adult individual residing at 219 Lower Gore Road, Webster, Massachusetts 01570.

2. The Defendant, Consolidated Rail Corporation, is a corporation which is authorized to do and in fact does substantial business within the jurisdiction of the United States District Court for the District of Massachusetts, organized and existing under the laws of the Commonwealth of Pennsylvania and whose principal place of business and address for service of process is Two Commerce Square, 2001 Market Street, Philadelphia, Pennsylvania 19101.

3.  The Defendant, CSX Transportation Inc., is a corporation which is authorized to do and in fact does substantial business within the jurisdiction of the United States District Court for the District of Massachusetts, organized and existing under the laws of the State of Virginia, and whose address for service of process is to John J. Barrett, Jr., Esquire, c/o Saul Ewing, 3800 Centre Square West, Philadelphia, Pennsylvania 19102.

4.  This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

5.  At all times material hereto, the Defendant, Consolidated Rail Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

6.  At all times material hereto, the Defendant, CSX Transportation Inc., was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, Pennsylvania and other states of the United States.

7.  At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8.  At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroads and was acting in the scope of his employment by the Defendants and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

9. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

10. The Plaintiff has been employed by the Defendants from 1976 through and including the present as a welder/welder foreman and, while working within the scope of his employment in and around West Springfield, Massachusetts was exposed to excessive and harmful cumulative trauma to his back and shoulders due to the bending, lifting, twisting and climbing and walking on ballast, with which he performed his work for the Defendant.

11. Less than three years before this action was filed, Plaintiff discovered that he suffered from occupational injuries as a result of repetitive occupational trauma to his back and shoulders, and until such time, Plaintiff was reasonably ignorant as to same.

12. The injuries and disabilities of the Plaintiff were caused by exposure to excessive repetitive trauma to his back and shoulders while working for the Defendant.

13. The aforesaid injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

    (a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60;

    (b) in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to his back and shoulders;

(c) in failing to provide Plaintiff with safe places to walk and with ballast of proper size and properly maintained;

(d) in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the back and shoulders; and failing to take appropriate action, including advising Plaintiff as to the test results;

(e) in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with and around repetitive trauma to his back and shoulders;

(f) in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to the back and shoulders when it knew or should have known of the risks thereof;

(g) in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(h) in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the back and shoulders;

(i) in negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the back and shoulders;

(j) in negligently failing to employ safe working practices;

- 4 -

(k) in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the back and shoulders;

(l) in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

(m) in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

(n) in negligently failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering a repetitive trauma injury; and,

(o) in negligently failing to use due care and caution required under the circumstances.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupation, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which will continue in the future.

15 As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which will continue in the future.

16. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life past, present and future.

17. As a direct result of the Defendant's negligence through its agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury and disability to his back and shoulders. due to the repetitive climbing in/out of rail cars and continually walking on ballast, with which he performed his work for the Defendants.

WHEREFORE, the Plaintiff demands judgment against the Defendants, in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00).

HANNON & JOYCE

Dated: 2/9/05

THOMAS J. JOYCE, III, ESQUIRE
Attorney for Plaintiff
Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106-3323
(215) 446-4460

LAWSON & WEITZEN, LLP

Dated: 2/9/05

MICHAEL J. MCDEVITT, ESQ., BBO #564720
Local Counsel for Plaintiff
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nicholas J. McGrath
219 Lower Gore Road
Webster, MA 01570

**DEFENDANTS** Consolidated Rail Corporation
Two Commerce Square
2001 Market Street
Philadelphia, PA 19101  (see attached)

(b) County of Residence of First Listed Plaintiff __Worcester__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)
05 - 30048 - MAP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,00.00    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  2/9/05
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

<u>Additional Defendant</u>:

    CSX Transportation Inc.
    3800 Centre Square West
    Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Nicholas J. McGrath vs. Consolidated Rail Corporation etal</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?

      Eastern Division ☐     Central Division ☐     Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐     Central Division ☒     Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael J. McDevitt</u>
ADDRESS <u>Lawson & Weitzen, LLP 88 Black Falcon Ave., Ste. 345, Boston, MA 02210</u>
TELEPHONE NO. <u>(617) 439-4990</u>