UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

NICHOLAS J. McGRATH,
            Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION
and CSX TRANSPORTATION, INC.,
            Defendants.

CIVIL ACTION
NO.:   05-30048-MAP

**DEFENDANTS, CONSOLIDATED RAIL CORPORATION AND CSX TRANSPORTATION, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES**

The defendants, Consolidated Rail Corporation ("Conrail") and CSX Transportation, Inc. ("CSXT"), by and through their attorneys, FLYNN & ASSOCIATES, P.C., and in response to the plaintiff's Complaint, state the following:

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 of the Complaint and call upon the plaintiff to prove the same.

2. The defendants admit that on certain dates and times Conrail did do substantial business within the jurisdiction of this district, that it is a corporation organized under the laws of the Commonwealth of Pennsylvania, and deny the remaining allegations set forth in ¶ 2 of the Complaint.

3. The defendants admit that on certain dates and times CSXT did do substantial business within the jurisdiction of this district, that it is a corporation organized under the laws of the State of Virginia, and deny the remaining allegations set forth in ¶ 3 of the Complaint.

4. Denied.

1

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**WHEREFORE**, Conrail and CSXT demand that the plaintiff's Complaint be dismissed and judgment enter in favor of Conrail and CSXT together with their costs, expenses, interest and reasonable attorneys' fees and such other relief as this Court shall deem just and proper under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that all of the plaintiff's claims are barred by the applicable statutes of limitation; accordingly, the defendants hereby plead all applicable statutes of limitation as a complete bar to the entirety of plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, hereby plead any and all

statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believe and therefore aver that the plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, plead all provisions of the Regional Rail Reorganization Act as a complete bar to the direct liability of the defendants.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, say that, although they deny that the plaintiff sustained the injuries and/or damages as alleged, if it would ultimately be proven that the plaintiff did sustain the damages and/or injuries in the fashion alleged, the defendants believe that the plaintiff's own negligence may have and/or did contribute, in a substantial way, to the happening and/or occurrence of the alleged injuries, and, accordingly, the defendants plead the plaintiff's comparative negligence in diminution of any award the plaintiff may ultimately receive.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, say that although they deny that the plaintiff sustained the damages as alleged, the defendant believes and therefore avers that any damages the plaintiff may ultimately be entitled to recover from the defendants may be or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically annunciated therein and, accordingly, in the event said act is applicable, all sections of the plaintiff's Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed or, alternatively, all

said sections of plaintiffs' Complaint should be stricken.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that CSXT did not own or operate the West Springfield Yard prior to June 1, 1999; accordingly, all sections of the plaintiff's Complaint seeking recovery for incidents which occurred prior to June 1, 1999, fail to state causes of action upon which relief can be granted and should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that all sections of the plaintiff's Complaint seeking recovery for incidents which occurred prior to April 1, 1976 fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that prior to the initiation of the within litigation, various railroad entities did undergo proceedings in bankruptcy and therefore the plaintiff's claims may be barred, in their entirety, as to the defendants, by reason of said bankruptcies and Conrail pleads any and all conditions and/or terms of said bankruptcy of said railroads including the Plan(s) of Reorganization and the Confirmation Order(s) entered therein, as a complete bar to the entirety of the plaintiff's claims as to Conrail. Alternatively, the defendants pleads a full discharge of all claims by reason of and/or pursuant to the bankruptcies

of former railroad entities.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that as the plaintiff's Complaint attempts to assert, explicitly or implicitly, that the defendants are successors-in-interest to any other entity or entities, all said averments are specifically denied in their entirety, and it is affirmatively averred that the defendants are individual entities, and are not, in any way, related to any other entity and accordingly, they are not a successors-in-interest to the liability of any other entity.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that this Honorable Court lacks jurisdiction over the subject matter of the within litigation, insofar as same applies to the defendants, and/or lacks jurisdiction over the defendants per the bankruptcies of various railroad entities and/or the provisions of the Regional Rail Reorganization Act, as amended.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that this Honorable Court lacks jurisdiction of the person of the defendants pursuant to 45 U.S.C. § 56, in that the plaintiff's cause of action did not arise in the within jurisdiction; the defendant does not reside within the instant jurisdiction; and the defendant is not and were not doing business within the instant jurisdiction at the time this action was commenced.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the defendants would further show that the plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors,

including events occurring prior or subsequent to the occurrence made the basis of the plaintiff's claim against the defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the acts complained of were not committed by a person for whose conduct the defendants were legally responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff was guilty of a violation of law or job regulation which contributed to cause the injury or damage complained of.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's injuries, if any, were caused by or resulted from his own negligence and, therefore, the plaintiff's claim is barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendants were thereby prejudiced, wherefore the plaintiff is barred from recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including but not limited to, the FELA, the Boiler Inspection Act and/or the Safety Appliance Act.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that to the extent that they had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff has failed to mitigate his damages, wherefore any damages awarded must be reduced by the degree of his failure to mitigate.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that any alleged negligence they may have committed, which they specifically deny, was superseded and/or replaced by the conduct of third persons over whom the defendants exercised no responsibility or control.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's Complaint should be dismissed pursuant to Rule 12 (b)(5) for improper venue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, deny the applicability of the doctrine of strict liability in tort to this litigation.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendants, Conrail and CSXT, state that the plaintiff's claims are barred by the doctrines of Estoppel and/or Waiver.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSXT, state that the plaintiff was guilty of a violation of law or job regulation which contributed or caused the injury or damages complained of in his Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSXT, state that the plaintiff failed to comply with law or job regulation which contributed to cause the injury or damages complained of in his Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

And further answering, the defendants, Conrail and CSXT, state that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

**WHEREFORE**, the defendants, Conrail and CSXT, state that the plaintiff's Complaint against it should be dismissed and that judgment enter for the defendants, together with their costs, interest and attorneys' fees, and whatever other relief this Honorable Court deems appropriate.

          Respectfully submitted,

          CONSOLIDATED RAIL CORPORATION and
          CSX TRANSPORTATION, INC.,
          by their attorneys

          /s/ Lori A. Wirkus_____

| | |
|---|---|
| Michael B. Flynn | BBO # 559023 |
| Lori A. Wirkus | BBO #635525 |

FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: April 6, 2005

9